**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**Civil Action No. 1:25-cv-07387-PKC**

ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC.,

Plaintiff,

v.

GEISEL SOFTWARE, INC.

Defendant.

**DECLARATION OF MICHAEL G. NEWELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I, Michael G. Newell, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the bar of the State of North Carolina (N.C. Bar No. 39944) and have been admitted *pro hac vice* to practice before this Court. I am counsel of record for Plaintiff Artificial Intelligence Industry Association, Inc. ("AIIA" or "Plaintiff") in the above-captioned action. I make this declaration based on my personal knowledge and, where indicated, on information and belief, and am competent to testify to the matters stated herein.

2. I submit this declaration in support of Plaintiff's Brief in Opposition to Defendant Geisel Software, Inc.'s ("GSI" or "Defendant") Motion to Dismiss (ECF No. 28), and specifically to address Defendant's contention that the initial assignment of U.S. Patent No. 11,257,272 (the "'272 Patent" or "Asserted Patent") from the named inventors to Lucid VR, Inc. was "unsigned" and therefore invalid.

**The Executed First Assignment**

3. The '272 Patent names Adam Rowell, Sheldon Fernandes, and Han Jin (collectively, the "Inventors") as inventors and lists Lucid VR, Inc. ("Lucid VR") as the applicant.

4. On or about April 25, 2019, the Inventors prepared a written assignment transferring all of their right, title, and interest in the invention disclosed in the application that matured into the ’272 Patent to Lucid VR (the “First Assignment”). However, this assignment was inadvertently submitted to the USPTO without signatures. On or about December 15, 2025, after discovering this error, all three Inventors—Adam Rowell, Sheldon Fernandes, and Han Jin-executed the First Assignment to cure the deficiency.

5. A true and correct copy of the First Assignment, bearing the signatures of all three Inventors executed in December 2025, is attached hereto as **Exhibit A**.

**The Inadvertent Recordation Error at the USPTO**

6. On or about April 26, 2019, an assignment document was recorded with the United States Patent and Trademark Office (“USPTO” or “PTO”) under Reel No. 049011/Frame No. 0607 in connection with the application that became the ’272 Patent.

7. Upon review of the document recorded at Reel No. 049011/Frame No. 0607, it became apparent that the version submitted to the PTO for recordation was an unsigned copy of the First Assignment. This occurred as a result of an inadvertent administrative error in the document handling and submission process. The unsigned document was mistakenly transmitted to the PTO without obtaining the requisite signatures from the Inventors.

8. To be clear: although the unsigned assignment was inadvertently filed in April 2019, the Inventors always intended to transfer their rights to Lucid VR, Inc. Upon discovery of the unsigned filing, the Inventors promptly executed the First Assignment on or about December 15, 2025, thereby memorializing and effectuating the assignment that had been intended from the outset. The signed document has existed since December 2025 and cures any deficiency in the 2019 filing.

**The Corrective Filing with the USPTO**

9. Upon becoming aware that the version of the First Assignment recorded at the PTO was unsigned, Plaintiff consulted with the USPTO regarding the proper corrective procedure. The USPTO confirmed that it was appropriate to file a signed copy of an assignment that had previously been submitted without signatures. Following this guidance, the Inventors

executed the First Assignment in December 2025, and Plaintiff then submitted the fully executed, signed copy of the First Assignment to the USPTO for recordation as a corrective filing to replace the incomplete document previously recorded at Reel No. 049011/Frame No. 0607. Attached here as Exhibit B.

10. As of the date of this declaration, the corrective filing has been submitted to the PTO and is pending processing. The PTO's publicly accessible assignment database (Assignment Search at https://assignment.uspto.gov) has not yet been updated to reflect the corrective submission, as the PTO's processing of assignment recordations and corrections typically requires a period of time following submission. Plaintiff anticipates that the PTO's records will be updated in due course to reflect the executed First Assignment.

11. The PTO's procedures expressly contemplate the correction of such recordation errors. *See* 37 C.F.R. § 3.34 (providing for correction of errors in recorded documents); Manual of Patent Examining Procedure ("MPEP") § 302.09 (addressing correction of assignment records maintained by the PTO).

**The Complete and Unbroken Chain of Title**

12. Based on my review of the assignment records and the documents in Plaintiff's possession, the chain of title for the '272 Patent is as follows:

(a) **Inventors to Lucid VR, Inc.**: Assignment prepared April 2019, executed by all Inventors on or about December 15, 2025, to cure the inadvertent filing of the unsigned version (the First Assignment). Originally recorded at the PTO on April 26, 2019, under Reel No. 049011/Frame No. 0607 without signatures. A fully executed copy is attached hereto as Exhibit A.

(b) **Lucid VR, Inc. to Bluewhale AI, Inc.**: Executed on or about December 19, 2022. Recorded at the PTO on March 14, 2025.

(c) **Bluewhale AI, Inc. to R. Hewen & Co., LLC**: Executed on or about May 8, 2025. Recorded at the PTO on July 16, 2025.

(d) **R. Hewen & Co., LLC to Artificial Intelligence Industry Association, Inc.**: Executed on or about May 12, 2025. Recorded at the PTO on July 16, 2025.

13. Each of the assignments identified in paragraph 12(b) through 12(d) above was executed by the respective assignors and recorded with the PTO. Defendant has not challenged the validity or execution of any of these subsequent assignments. The only purported deficiency identified by Defendant concerns the First Assignment—which, as demonstrated by the executed original attached as Exhibit A, was duly signed by all three Inventors.

14. Accordingly, AIIA holds an unbroken chain of title from the named Inventors, through Lucid VR, Inc., Bluewhale AI, Inc., and R. Hewen & Co., LLC, to AIIA, and is the current owner of all right, title, and interest in the ’272 Patent, including the right to enforce the patent and to recover damages for past infringement.

**Defendant’s Reliance on the Unsigned Copy Is Misplaced**

15. Defendant’s Motion to Dismiss relies on the document recorded at Reel No. 049011/Frame No. 0607 (Choi Decl. Exh. 4) to argue that the First Assignment is “unsigned” and that, consequently, the chain of title is “broken.” (Def. Br. at 8–9.) However, this argument fails to account for the curative execution that occurred in December 2025. While it is true that the assignment was inadvertently filed without signatures in 2019, the USPTO expressly confirmed that the proper remedy was for the Inventors to execute the assignment and for Plaintiff to file the signed copy. The Inventors did exactly that in December 2025, thereby curing any deficiency.

16. Defendant did not contact Plaintiff or Plaintiff’s counsel prior to filing its motion to inquire whether an executed copy of the First Assignment exists. Had Defendant done so, Plaintiff would have promptly provided the signed copy and this dispute could have been resolved without the expenditure of judicial and party resources on the present motion.

17. The exhibit attached hereto—the fully executed copy of the First Assignment signed by all three Inventors in December 2025-conclusively demonstrates that any deficiency in the 2019 filing has been cured in accordance with USPTO procedures. There is no “broken chain of title,” and Defendant’s standing argument is without merit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 13, 2026.

/s/ Michael G. Newell
**Michael G. Newell**
N.C. Bar No. 39944
225 Ray Avenue, Suite 200
Fayetteville, NC 28301
mnewell@aiia.org
(336) 355-6897
Counsel for Plaintiff

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2026, I electronically filed the foregoing Declaration and its exhibit with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

By: /s/ Michael G. Newell
Michael G. Newell

**EXHIBIT A**

CORRECTED ASSIGNMENT

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT5495891

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| ADAM ROWELL | 04/25/2019 |
| SHELDON FERNANDES | 04/25/2019 |
| HAN JIN | 04/25/2019 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | LUCID VR, INC. |
| **Street Address:** | 4500 GREAT AMERICA PARKWAY |
| **City:** | SANTA CLARA |
| **State/Country:** | CALIFORNIA |
| **Postal Code:** | 95054 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 16395077 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

| | |
|---|---|
| **Email:** | campbell.yore@gmail.com |
| **Correspondent Name:** | CAMPBELL YORE |
| **Address Line 1:** | 4500 GREAT AMERICA PARKWAY |
| **Address Line 4:** | SANTA CLARA, CALIFORNIA 95054 |

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | LVR-US-NP-004 |
| **NAME OF SUBMITTER:** | CAMPBELL YORE |
| **SIGNATURE:** | /Campbell Yore/ |
| **DATE SIGNED:** | 04/26/2019 |

**Total Attachments: 3**
source=Assignment-LVR-Pat-4#page1.tif
source=Assignment-LVR-Pat-4#page2.tif
source=Assignment-LVR-Pat-4#page3.tif

# ASSIGNMENT

Whereas, I/we, Adam Rowell, 192 Fable Court, Mountain View, CA 94043 / US

Sheldon Fernandes, 683 North 4th Street, Unit 1, San Jose, CA 95112 / US

Han Jin, 63 Bettencourt Way, Milpitas, CA 95035 / US

(hereinafter referred to as ASSIGNOR), have made an invention which is the subject of an application for Letters Patent of the United States; and/or is the subject of a provisional application; and/or is the subject of an international application; and/or is the subject of other patent application(s) in other jurisdictions worldwide ("Application") entitled

Generating Synthetic Image Data for Machine Learning

which is found in:

☒ US Application Serial No.: 16/395077 filed on April 25th, 2019.

Whereas Lucid VR, Inc. a California Company having its principal place of business at 4500 Great America Parkway, Suite 210, Santa Clara, CA 95054 wishes to acquire the entire right, title, and interest in all inventions disclosed in such Application;

Now, therefore, in consideration of the sum of one dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNOR hereby sells, assigns, transfers and sets over unto LUCID VR, INC., its successors and assigns (collectively "ASSIGNEE") ASSIGNOR'S entire right, title and interest in, to and under the Application, and any provisional application(s) from which Application is derived, and all priority rights to which the Application may be entitled, including all priority rights for other countries arising therefrom, all inventions therein disclosed, and any and all Letters Patent of the United States and of all other countries which may be granted for such inventions, or any of them, including divisional, continuation, continuation-in-part, substitute, reissue, and/or reexamination applications based on the above identified Application, all such inventions and all rights in such Application and Letters Patent to be held and enjoyed by ASSIGNEE for its own use and enjoyment to the full end of the term or terms for which such Letters Patent may be granted, and any extensions thereof, as fully and entirely as the same would have been held and enjoyed by ASSIGNOR had this assignment and sale not been made.

Further, ASSIGNOR hereby sells, assigns, transfers, and sets over unto ASSIGNEE ASSIGNOR'S entire right, title and interest in or to the right to refer to, to access, and to control designs, plans, prototypes, sample embodiments, or other material(s) related to the Application and which are deposited by ASSIGNOR or at ASSIGNOR'S direction or deposited on ASSIGNOR'S behalf by ASSIGNEE, its affiliates, employees, or employees of its affiliates. The transfer of such right, title and interest includes, without limitation, ASSIGNOR'S unreserved and irrevocable consent and authorization to ASSIGNEE to refer to the deposited designs, plans, prototypes, sample embodiments, or other material(s) in the Application and the right to make available to the public the deposited material in accordance with the laws, treaties, statutes, rules, regulations and the like of the United States, all other countries, and any patent granting authority or organization.

ASSIGNOR hereby authorizes and requests the Commissioner of Patents and Trademarks of the United States and any foreign Patent Office authority to issue any such Letters Patent which may be granted on the Application to ASSIGNEE as assignee of the entire right, title and interest therein and thereto.

For ASSIGNOR and for ASSIGNOR'S legal representatives, ASSIGNOR covenants and agrees with ASSIGNEE that ASSIGNOR has not granted to any others any license to make, use or sell any of such inventions, that ASSIGNOR'S right, title and interest in such inventions has not been encumbered, that ASSIGNOR has good right and title to sell and assign the same, and that ASSIGNOR will not execute any instrument in conflict herewith.

For ASSIGNOR and for ASSIGNOR'S heirs, successors and legal representatives, ASSIGNOR further covenants and agrees with ASSIGNEE that upon request ASSIGNOR and ASSIGNOR'S heirs, successors and legal representatives will: (i) execute continuing, divisional, substitute, reexamination, and/or reissue applications, amended specifications, or rightful declarations or oaths; (ii) communicate to ASSIGNEE any facts known to ASSIGNOR or ASSIGNOR'S heirs, successors and legal representatives relating to such inventions or the history thereof; (iii) execute preliminary statements and testify in any interference proceedings or litigation; (iv) execute and deliver any application papers, assignments, or other instruments; and (v) do all other acts which, in the opinion of counsel for ASSIGNEE, may be necessary or desirable to secure the grant of Letters Patent to ASSIGNEE or its nominees, in the United States and in all other countries where ASSIGNEE may desire to have such inventions, or any of them, patented, with specifications and claims in such form as shall be approved by counsel for ASSIGNEE and to vest and confirm in ASSIGNEE or its nominees the full and complete legal and equitable title to all such Letters Patent, without further consideration than that now paid at the expense of ASSIGNEE.

___________***rest of page Intentionally left blank***__________

In Witness Whereof I have executed this assignment on 04/25 2019.
(Month, Day) (Year)

Adam ROWELL
(Name of Inventor)

(Signature of Inventor)

In Witness Whereof I have executed this assignment on 04/25 2019.
(Month, Day) (Year)

Sheldon FERNANDES
(Name of Inventor)

Sheldon Fernandes
(Signature of Inventor)

In Witness Whereof I have executed this assignment on 04/25 2019.
(Month, Day) (Year)

Han JIN
(Name of Inventor)

(Signature of Inventor)

**EXHIBIT B**

**PATENT ASSIGNMENT COVER SHEET**

Assignment ID: 1458924

Electronic Version v1.1
Stylesheet Version v1.2

| | |
|---|---|
| **SUBMISSION TYPE:** | CORRECTIVE ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | Corrective Assignment to correct the Corrective assignment to re-record assignment previously recorded under Reel and Frame 049011/0608 to correct signature page 3 or 3 from undated and unsigned to dated 4/25/2019 and signed. previously recorded on Reel 49011 Frame 608. Assignor(s) hereby confirms the Assignment. |
| **SEQUENCE:** | 1 |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| Adam Rowell | 04/25/2019 |
| Sheldon Fernandes | 04/25/2019 |
| Han Jin | 04/25/2019 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | Lucid VR, Inc. |
| **Street Address:** | 4500 Great America Parkway |
| **Internal Address:** | Suite 210 |
| **City:** | Santa Clara |
| **State/Country:** | CALIFORNIA UNITED STATES |
| **Postal Code:** | 95054 |

**PROPERTY NUMBERS Total:1**

| Property Type | Number |
|---|---|
| **Application Number:** | 16395077 |

**CORRESPONDENCE DATA**

**Phone:** 2129705133
**Email:** rmcdonald@theaiia.org
***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***
**Correspondent Name:** Richard McDonald
**Address Line 1:** 8875 Hidden River Parkway, Suite 300

| | |
|---|---|
| **Address Line 4:** | Tampa , FLORIDA 33637 |
| **NAME OF SUBMITTER:** | Vanessa Martinez |
| **Signature:** | /Vanessa Martinez/ |
| **Date:** | 12/05/2025 |

**TOTAL ATTACHMENTS: 2**
source= Copy of Original Assignment to be Corrected.pdf
source= Corrected Assignment.pdf

COPY OF ORIGINAL ASSIGNMENT TO BE CORRECTED

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT5495891

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| ADAM ROWELL | 04/25/2019 |
| SHELDON FERNANDES | 04/25/2019 |
| HAN JIN | 04/25/2019 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | LUCID VR, INC. |
| **Street Address:** | 4500 GREAT AMERICA PARKWAY |
| **City:** | SANTA CLARA |
| **State/Country:** | CALIFORNIA |
| **Postal Code:** | 95054 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 16395077 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

| | |
|---|---|
| **Email:** | campbell.yore@gmail.com |
| **Correspondent Name:** | CAMPBELL YORE |
| **Address Line 1:** | 4500 GREAT AMERICA PARKWAY |
| **Address Line 4:** | SANTA CLARA, CALIFORNIA 95054 |

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | LVR-US-NP-004 |
| **NAME OF SUBMITTER:** | CAMPBELL YORE |
| **SIGNATURE:** | /Campbell Yore/ |
| **DATE SIGNED:** | 04/26/2019 |

**Total Attachments: 3**

source=Assignment-LVR-Pat-4#page1.tif
source=Assignment-LVR-Pat-4#page2.tif
source=Assignment-LVR-Pat-4#page3.tif

Docket No.: LVR-US-NP-004

# ASSIGNMENT

Whereas, I/we, Adam Rowell, 192 Fable Court, Mountain View, CA 94043 / US
Sheldon Fernandes, 683 North 4th Street, Unit 1, San Jose, CA 95112 / US
Han Jin, 63 Bettencourt Way, Milpitas, CA 95035 / US

(hereinafter referred to as ASSIGNOR), have made an invention which is the subject of an application for Letters Patent of the United States; and/or is the subject of a provisional application; and/or is the subject of an international application; and/or is the subject of other patent application(s) in other jurisdictions worldwide ("Application") entitled

Generating Synthetic Image Data for Machine Learning

which is found in:

☒ US Application Serial No.: 16/395077 filed on April 25th, 2019.

Whereas Lucid VR, Inc. a California Company having its principal place of business at 4500 Great America Parkway, Suite 210, Santa Clara, CA 95054 wishes to acquire the entire right, title, and interest in all inventions disclosed in such Application;

Now, therefore, in consideration of the sum of one dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNOR hereby sells, assigns, transfers and sets over unto LUCID VR, INC., its successors and assigns (collectively "ASSIGNEE") ASSIGNOR'S entire right, title and interest in, to and under the Application, and any provisional application(s) from which Application is derived, and all priority rights to which the Application may be entitled, including all priority rights for other countries arising therefrom, all inventions therein disclosed, and any and all Letters Patent of the United States and of all other countries which may be granted for such inventions, or any of them, including divisional, continuation, continuation-in-part, substitute, reissue, and/or reexamination applications based on the above identified Application, all such inventions and all rights in such Application and Letters Patent to be held and enjoyed by ASSIGNEE for its own use and enjoyment to the full end of the term or terms for which such Letters Patent may be granted, and any extensions thereof, as fully and entirely as the same would have been held and enjoyed by ASSIGNOR had this assignment and sale not been made.

Further, ASSIGNOR hereby sells, assigns, transfers, and sets over unto ASSIGNEE ASSIGNOR'S entire right, title and interest in or to the right to refer to, to access, and to control designs, plans, prototypes, sample embodiments, or other material(s) related to the Application and which are deposited by ASSIGNOR or at ASSIGNOR'S direction or deposited on ASSIGNOR'S behalf by ASSIGNEE, its affiliates, employees, or employees of its affiliates. The transfer of such right, title and interest includes, without limitation, ASSIGNOR'S unreserved and irrevocable consent and authorization to ASSIGNEE to refer to the deposited designs, plans, prototypes, sample embodiments, or other material(s) in the Application and the right to make available to the public the deposited material in accordance with the laws, treaties, statutes, rules, regulations and the like of the United States, all other countries, and any patent granting authority or organization.

ASSIGNOR hereby authorizes and requests the Commissioner of Patents and Trademarks of the United States and any foreign Patent Office authority to issue any such Letters Patent which may be granted on the Application to ASSIGNEE as assignee of the entire right, title and interest therein and thereto.

For ASSIGNOR and for ASSIGNOR'S legal representatives, ASSIGNOR covenants and agrees with ASSIGNEE that ASSIGNOR has not granted to any others any license to make, use or sell any of such inventions, that ASSIGNOR'S right, title and interest in such inventions has not been encumbered, that ASSIGNOR has good right and title to sell and assign the same, and that ASSIGNOR will not execute any instrument in conflict herewith.

For ASSIGNOR and for ASSIGNOR'S heirs, successors and legal representatives, ASSIGNOR further covenants and agrees with ASSIGNEE that upon request ASSIGNOR and ASSIGNOR'S heirs, successors and legal representatives will: (i) execute continuing, divisional, substitute, reexamination, and/or reissue applications, amended specifications, or rightful declarations or oaths; (ii) communicate to ASSIGNEE any facts known to ASSIGNOR or ASSIGNOR'S heirs, successors and legal representatives relating to such inventions or the history thereof; (iii) execute preliminary statements and testify in any interference proceedings or litigation; (iv) execute and deliver any application papers, assignments, or other instruments; and (v) do all other acts which, in the opinion of counsel for ASSIGNEE, may be necessary or desirable to secure the grant of Letters Patent to ASSIGNEE or its nominees, in the United States and in all other countries where ASSIGNEE may desire to have such inventions, or any of them, patented, with specifications and claims in such form as shall be approved by counsel for ASSIGNEE and to vest and confirm in ASSIGNEE or its nominees the full and complete legal and equitable title to all such Letters Patent, without further consideration than that now paid at the expense of ASSIGNEE.

***___________rest of page Intentionally left blank__________***

In Witness Whereof I have executed this assignment on ______________________ 2019.
(Month, Day) (Year)

Adam ROWELL
(Name of Inventor)

______________________
(Signature of Inventor)

In Witness Whereof I have executed this assignment on ______________________ 2019.
(Month, Day) (Year)

Sheldon FERNANDES
(Name of Inventor)

______________________
(Signature of Inventor)

In Witness Whereof I have executed this assignment on ______________________ 2019.
(Month, Day) (Year)

Han JIN
(Name of Inventor)

______________________
(Signature of Inventor)

CORRECTED ASSIGNMENT

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT5495891

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| ADAM ROWELL | 04/25/2019 |
| SHELDON FERNANDES | 04/25/2019 |
| HAN JIN | 04/25/2019 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | LUCID VR, INC. |
| **Street Address:** | 4500 GREAT AMERICA PARKWAY |
| **City:** | SANTA CLARA |
| **State/Country:** | CALIFORNIA |
| **Postal Code:** | 95054 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 16395077 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Email:** campbell.yore@gmail.com
**Correspondent Name:** CAMPBELL YORE
**Address Line 1:** 4500 GREAT AMERICA PARKWAY
**Address Line 4:** SANTA CLARA, CALIFORNIA 95054

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | LVR-US-NP-004 |
| **NAME OF SUBMITTER:** | CAMPBELL YORE |
| **SIGNATURE:** | /Campbell Yore/ |
| **DATE SIGNED:** | 04/26/2019 |

**Total Attachments: 3**
source=Assignment-LVR-Pat-4#page1.tif
source=Assignment-LVR-Pat-4#page2.tif
source=Assignment-LVR-Pat-4#page3.tif

# ASSIGNMENT

Whereas, I/we, Adam Rowell, 192 Fable Court, Mountain View, CA 94043 / US

Sheldon Fernandes, 683 North 4th Street, Unit 1, San Jose, CA 95112 / US

Han Jin, 63 Bettencourt Way, Milpitas, CA 95035 / US

(hereinafter referred to as ASSIGNOR), have made an invention which is the subject of an application for Letters Patent of the United States; and/or is the subject of a provisional application; and/or is the subject of an international application; and/or is the subject of other patent application(s) in other jurisdictions worldwide ("Application") entitled

Generating Synthetic Image Data for Machine Learning

which is found in:

☒ US Application Serial No.: 16/395077 filed on April 25th, 2019.

Whereas Lucid VR, Inc. a California Company having its principal place of business at 4500 Great America Parkway, Suite 210, Santa Clara, CA 95054 wishes to acquire the entire right, title, and interest in all inventions disclosed in such Application;

Now, therefore, in consideration of the sum of one dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, ASSIGNOR hereby sells, assigns, transfers and sets over unto LUCID VR, INC., its successors and assigns (collectively "ASSIGNEE") ASSIGNOR'S entire right, title and interest in, to and under the Application, and any provisional application(s) from which Application is derived, and all priority rights to which the Application may be entitled, including all priority rights for other countries arising therefrom, all inventions therein disclosed, and any and all Letters Patent of the United States and of all other countries which may be granted for such inventions, or any of them, including divisional, continuation, continuation-in-part, substitute, reissue, and/or reexamination applications based on the above identified Application, all such inventions and all rights in such Application and Letters Patent to be held and enjoyed by ASSIGNEE for its own use and enjoyment to the full end of the term or terms for which such Letters Patent may be granted, and any extensions thereof, as fully and entirely as the same would have been held and enjoyed by ASSIGNOR had this assignment and sale not been made.

Further, ASSIGNOR hereby sells, assigns, transfers, and sets over unto ASSIGNEE ASSIGNOR'S entire right, title and interest in or to the right to refer to, to access, and to control designs, plans, prototypes, sample embodiments, or other material(s) related to the Application and which are deposited by ASSIGNOR or at ASSIGNOR'S direction or deposited on ASSIGNOR'S behalf by ASSIGNEE, its affiliates, employees, or employees of its affiliates. The transfer of such right, title and interest includes, without limitation, ASSIGNOR'S unreserved and irrevocable consent and authorization to ASSIGNEE to refer to the deposited designs, plans, prototypes, sample embodiments, or other material(s) in the Application and the right to make available to the public the deposited material in accordance with the laws, treaties, statutes, rules, regulations and the like of the United States, all other countries, and any patent granting authority or organization.

ASSIGNOR hereby authorizes and requests the Commissioner of Patents and Trademarks of the United States and any foreign Patent Office authority to issue any such Letters Patent which may be granted on the Application to ASSIGNEE as assignee of the entire right, title and interest therein and thereto.

For ASSIGNOR and for ASSIGNOR'S legal representatives, ASSIGNOR covenants and agrees with ASSIGNEE that ASSIGNOR has not granted to any others any license to make, use or sell any of such inventions, that ASSIGNOR'S right, title and interest in such inventions has not been encumbered, that ASSIGNOR has good right and title to sell and assign the same, and that ASSIGNOR will not execute any instrument in conflict herewith.

For ASSIGNOR and for ASSIGNOR'S heirs, successors and legal representatives, ASSIGNOR further covenants and agrees with ASSIGNEE that upon request ASSIGNOR and ASSIGNOR'S heirs, successors and legal representatives will: (i) execute continuing, divisional, substitute, reexamination, and/or reissue applications, amended specifications, or rightful declarations or oaths; (ii) communicate to ASSIGNEE any facts known to ASSIGNOR or ASSIGNOR'S heirs, successors and legal representatives relating to such inventions or the history thereof; (iii) execute preliminary statements and testify in any interference proceedings or litigation; (iv) execute and deliver any application papers, assignments, or other instruments; and (v) do all other acts which, in the opinion of counsel for ASSIGNEE, may be necessary or desirable to secure the grant of Letters Patent to ASSIGNEE or its nominees, in the United States and in all other countries where ASSIGNEE may desire to have such inventions, or any of them, patented, with specifications and claims in such form as shall be approved by counsel for ASSIGNEE and to vest and confirm in ASSIGNEE or its nominees the full and complete legal and equitable title to all such Letters Patent, without further consideration than that now paid at the expense of ASSIGNEE.

___________***rest of page Intentionally left blank***__________

In Witness Whereof I have executed this assignment on 04/25 2019.
(Month, Day) (Year)

Adam ROWELL
(Name of Inventor)

(Signature of Inventor)

In Witness Whereof I have executed this assignment on 04/25 2019.
(Month, Day) (Year)

Sheldon FERNANDES
(Name of Inventor)

Sheldon Fernandes
(Signature of Inventor)

In Witness Whereof I have executed this assignment on 04/25 2019.
(Month, Day) (Year)

Han JIN
(Name of Inventor)

(Signature of Inventor)