UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC.,

Plaintiff,

25-cv-7387 (PKC)

-against-

ORDER

GEISEL SOFTWARE, INC.,

Defendant.
-----------------------------------------------------------x

CASTEL, Senior District Judge

Plaintiff Artificial Intelligence Industry Association, Inc. ("AIIA") brings a claim against Geisel Software, Inc. ("GSI") for infringement of U.S. Patent No. 11,257,272 (the "'272 patent"). GSI moves to dismiss AIIA's Amended Complaint for lack of subject matter jurisdiction, improper venue, lack of personal jurisdiction, and failure to state a claim. In the alternative, GSI asks that the action be transferred to the United States District Court for the District of Massachusetts. For the reasons set forth below, GSI's motion to dismiss for lack of Article III standing is granted.

DISCUSSION

A plaintiff asserting patent infringement must have both Article III standing and statutory standing under 35 U.S.C. § 271. While statutory standing does not implicate the Court's subject matter jurisdiction, see Lone Star Silicon Innovations LLC v. Nanya Tech. Corp., 925 F.3d 1225, 1235 (Fed. Cir. 2019), Article III standing does. The Court must be satisfied that constitutional standing exists.

"For patent infringement lawsuits, in general, the question for the constitutional injury-in-fact inquiry is whether a party has an exclusionary right." A.L.M. Holding Co. v. Zydex Indus. Priv. Ltd., 176 F.4th 1326, 1332 (Fed. Cir. 2026) (internal quotation marks omitted). "A patent owner has exclusionary rights as a baseline matter unless it has transferred all exclusionary rights away." Intell. Tech LLC v. Zebra Techs. Corp., 101 F.4th 807, 816 (Fed. Cir. 2024).

"[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Where, as here, a defendant makes "a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading . . . the plaintiff[ ] will need to come forward with evidence of [its] own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016) (citations omitted).

AIIA asserts that it is an assignee of the patent in suit. The patent's inventors purportedly assigned the patent to Lucid VR, Inc., in 2019. (ECF 31-1, ¶12.) Lucid VR then assigned the patent to a subsequent assignee, who then assigned it to a third assignee, who finally assigned it to AIIA. (Id.) GSI challenges the validity of the initial assignment by the inventors to the first assignee in April 2019, claiming that the purported assignment was not signed by any of the three inventors. (ECF 30-4 at 2–4.)

In its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), GSI argues that AIIA does not have standing. (ECF 28 at 13–14.) GSI alleges that the '272 Patent has a broken chain of title, because the first assignment in the patent's chain of assignments was unsigned and therefore defective. (Id.) AIIA responds with a declaration from its former attorney that "[t]he

unsigned document was mistakenly transmitted to the PTO without obtaining the requisite signatures from the Inventors." (ECF 31–1, ¶ 7.) He states that "[o]n or about December 15, 2025, after discovering this error, all three Inventors—Adam Rowell, Sheldon Fernandes, and Han Jin—executed the First Assignment to cure the deficiency." (Id. at ¶ 4.) The December 15, 2025, "First Assignment" was executed more than three months after the action was commenced and two weeks after GSI's December 1, 2025, pre-motion letter was submitted to the Court pointing out the lack of Article III standing. (ECF 1, 18.)

The issue presented on GSI's motion is not whether a belated assignment has validity but whether the plaintiff had standing on the date the action was filed. A plaintiff's standing is "assessed at the time of the original complaint, even if the complaint is later amended." Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d 1198, 1202 n.3 (Fed. Cir. 2005). "[I]f the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured." Id. at 1202–03; see Abraxis Bioscience, Inc. v. Navinta LLC, 625 F.3d 1359, 1364 (Fed. Cir. 2010) ("[W]e have held that in a patent infringement action, 'the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit' to assert standing.")

AIIA endeavors to characterize the defect as, at most, a curable lack of statutory standing rather than an incurable lack of Article III standing. But that is not the case.[1] AIIA's post-filing cure cannot retroactively fix an Article III jurisdictional defect in the complaint. See Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304, 1308 (Fed. Cir. 2003) ("Article III standing, like other bases of jurisdiction, generally must be present at the inception of the

[1] AIIA cites Lone Star for the proposition that a party's right to sue on a patent is a question of statutory standing. (ECF 31 at 4–5). But Lone Star was brought by an assignee-plaintiff who had a valid but qualified assignment of patent rights. 925 F.3d at 1235–36. It has no bearing on a situation where the plaintiff has no enforceable rights to the patent on the date of filing suit.

lawsuit."); Lujan v. Defs. of Wildlife, 504 U.S. 555, 570 n.5 (1992) ("[S]tanding is to be determined as of the commencement of suit[.]"); cf. Alps S., LLC v. Ohio Willow Wood Co., 787 F.3d 1379, 1384 (Fed. Cir. 2015) ("[N]unc pro tunc assignments are not sufficient to confer retroactive standing.") GSI came forward with evidence that there was no valid assignment from the inventors to the first assignee at the time of filing of suit. In response, AIIA claims that the assignment had been cured. But it makes no claim that the assignment had been executed by the inventors at any time prior to commencement of the action. To the contrary, AIIA acknowledges that "the document that Defendant identifies as 'unsigned' . . . is the incomplete copy that was inadvertently filed in 2019 before the inventors executed it in December 2025." (ECF 31 at 3.) The inescapable inference is that the initial assignment was not executed in 2019. Rather it was only executed after the GSI raised an Article III challenge in its December 1, 2025, letter to the Court.

Finally, AIIA asks that it be permitted to conduct jurisdictional discovery or be given the opportunity to submit supplemental evidence. (ECF 31 at 6.) This request was made six months ago. In the interim, no proposed discovery request has been tendered, nor has any supplemental evidence been offered. Furthermore, there has been no showing that jurisdictional discovery is likely to be fruitful. There is no reason to believe that GSI, the accused infringer, has any information on the subject, and AIIA has already confirmed that the inventors did not sign the first assignment at the time of or before submission to the PTO.

CONCLUSION

For the reasons set forth above, GSI's motion to dismiss for lack of subject matter jurisdiction is GRANTED. The Clerk of Court is respectfully requested to terminate the motion

at ECF 27 and to enter final judgment in favor the defendant dismissing the action without prejudice for lack of subject matter jurisdiction. If AIIA elects to refile in this District, it shall indicate on the civil cover sheet that the action was previously filed in this Court and assigned to the undersigned.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 23, 2026